FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 06, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINDSEY K., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY,[1] <br><br> Defendant. | No. 1:20-CV-03176-JAG <br><br><br> ORDER GRANTING <br> DEFENDANT'S MOTION <br> FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 20, 21. Attorney D. James Tree represents Lindsey K. (Plaintiff); Special Assistant United States Attorney Joseph Langkamer represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

## I.   JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on June 7, 2018, alleging disability since June 1, 2018, due to blind/low vision in right eye, diabetes, grand mal seizures, anxiety, sleep disturbance, depression, PTSD, neuropathy in both legs, migraines/cluster headaches, and back injury/pain. Tr. 76-77. The applications were denied initially and upon reconsideration. Tr. 162-77, 180-93. Administrative Law Judge (ALJ) Kimberly Boyce held a hearing on February 24, 2020, Tr. 41-75, and issued an unfavorable decision on March 17, 2020. Tr. 21-35. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request for review on August 28, 2020. Tr. 1-5. The ALJ's March 2020 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 22, 2020. ECF No. 1.

## II.   STATEMENT OF FACTS

Plaintiff was born in 1984 and was 34 years old as of her alleged onset date. Tr. 33. She went to school through the 9th grade, completed cosmetology training, and was working on her GED as of the hearing. Tr. 56, 702. She has worked as a nail technician, bartender, waitress, line cook, cashier, and hotel housekeeper. 53-61, 327. She has had type I brittle diabetes for many years and has struggled at times to control her blood sugar, with hypo- and hyperglycemic episodes occasionally resulting in seizures, loss of consciousness, or hospitalization. Tr. 310, 701, 760. She has had multiple surgeries on her eyes for diabetic retinopathy, resulting in loss of vision in her right eye and reported persistent migraines. Tr. 701, 744, 831. She has also experienced significant trauma in her life, including the loss of her parents, the death of a child, and childhood abuse and domestic violence, resulting in posttraumatic stress along with depression and anxiety. Tr.

849. She has further reported her mental health is exacerbated by the stress of her medical conditions. Tr. 702.

### III.   STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### IV.   SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability.

*Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V. ADMINISTRATIVE FINDINGS

On March 17, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 24.

At **step two**, the ALJ determined Plaintiff had the following severe impairments: diabetes mellitus, retinal disorder, low vision, migraines, peripheral neuropathy, hypertension, sprains/strains, obesity, chronic skin infections, substance addiction disorder (drugs) in remission, somatic disorder, depressive disorder, and anxiety disorder. *Id.*

At **step three**, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 25-27.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light exertion work, except:

> The claimant can stand and walk for about four hours and can sit for about six hours in an eight-hour workday with normal breaks. She can never climb ladders, ropes or scaffolds, work at unprotected heights or in proximity to hazards such as heavy

machinery with dangerous moving parts. The claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl, can never see with the right eye, but with the left eye can avoid ordinary work place hazards and has no limitations with regard to performance of ordinary work place tasks. She can perform work in which concentrated exposure to extreme cold is not present. The claimant can understand, remember, and carry out simple, routine tasks and follow short, simple instructions, can perform work that requires little or no judgment, and can perform simple duties that can be learned on the job in a short period. She can cope with occasional work setting change and occasional, routine interaction with supervisors, can work in proximity to coworkers, but not in a team or cooperative effort, and can perform work that does not require interaction with the general public as an essential element of the job, but occasional incidental contact is not precluded.

Tr. 27.

At **step four**, the ALJ found Plaintiff had no past relevant work. Tr. 33.

At **step five**, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of escort vehicle driver, final assembler, and document preparer. Tr. 34-35.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 35.

### VI.    ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by: (1) failing to consider Plaintiff's kidney disease; (2) not properly assessing Plaintiff's testimony; and (3) not properly assessing the opinion evidence.

## VII.  DISCUSSION

### A.  Plaintiff's Subjective Statements.

Plaintiff alleges the ALJ improperly disregarded her subjective symptom reports. ECF No. 20 at 6-13.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, she found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 28. The ALJ found Plaintiff's allegations to be undermined by her inconsistent statements to medical providers regarding the severity and frequency of her seizures, the minimal and mild physical and

psychological exam findings, the lack of evidence of any distress or discomfort, her performance on mental status exams, and the lack of treatment for migraines. Tr. 28-30.

Plaintiff argues the ALJ erred by misstating Plaintiff's reports and failing to identify any inconsistencies in the record regarding her seizure activity. ECF No. 20 at 7-10. She further argues the ALJ improperly ignored the objective evidence of her kidney disease, and instead focused on physical objective findings that were unrelated to Plaintiff's primary disabling conditions, in addition to disregarding other objective evidence that was supportive of her physical and mental allegations. *Id.* at 10-12. Finally, Plaintiff argues the ALJ gave undue weight to the fact that Plaintiff was attempting to obtain her GED and failed to consider the circumstances surrounding her migraine treatment. *Id.* at 12-13. Defendant argues the ALJ reasonably discounted Plaintiff's complaints based on conflicts with the treatment records and Plaintiff's activities, and asserts Plaintiff's arguments generally consist of alternative interpretations of the evidence. ECF No. 21 at 6-12.

The Court finds the ALJ did not err. An ALJ may consider contradictions with the medical record in assessing the reliability of a claimant's statements. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2003). The ALJ noted numerous conflicts between Plaintiff's reports to Social Security and her statements documented in her treatment records, including regarding the frequency of her seizures, her high and low blood sugar events, and migraines. The ALJ's interpretation of the record as contradicting Plaintiff's testimony was reasonable.

Unexplained or inadequately explained reasons for failing to seek medical treatment or follow a prescribed course of treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ noted Plaintiff's lack of treatment for and rare complaints of migraines, and found

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

Plaintiff had not offered the kind of reasons that would justify not seeking treatment. Tr. 30. Plaintiff asserts the record shows she had tried multiple medications without benefit and was limited in her options given her kidney issues, thus justifying her lack of further treatment. ECF No. 20 at 13. The Court finds the ALJ's interpretation is reasonable, with the record not reflecting reports of migraines to the extent Plaintiff testified to, and Plaintiff's primary provider indicating that a further consult with an ophthalmologist was warranted, belying Plaintiff's implication that there was nothing else to be done in terms of treatment for her migraines. Tr. 696, 817.

While it cannot serve as the sole basis for disregarding a claimant's reports, support from objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ's interpretation of the objective records as not substantiating Plaintiff's complaints was reasonable and supported by the largely unremarkable mental status exams and normal physical exams. Tr. 29-30. The Court therefore finds the ALJ offered sufficient clear and convincing reasons for discounting Plaintiff's subjective reports.

**B.    Opinion Evidence.**

Plaintiff alleges the ALJ erred by failing to properly consider and weigh the opinion evidence. ECF No. 20 at 16-21.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 404.1520c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative

medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

> Supportability and consistency are further explained in the regulations:
>
> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c). The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

1. **<u>Salvador Lopez, PA-C.</u>**

Plaintiff's primary care provider, PAC Lopez, completed two statements in support of Plaintiff's receipt of state benefits. Tr. 695-97, 816-18. In November 2018, Mr. Lopez noted Plaintiff's diagnoses included type I diabetes, seizures, cluster headaches/migraines, right eye blindness, peripheral neuropathy, PTSD, and depression, and caused her to be limited to sedentary work and no more than 20 hours of participation in work-related activities per week. Tr. 695-96. He commented that Plaintiff's limitations from migraines, seizures, and glycemic episodes were unpredictable, so she may not be able to commit to sitting or standing or attending appointments. Tr. 695. In October 2019 he completed a second statement that was virtually identical, while noting additional diagnoses of learning disability and chronic back pain. Tr. 816-18.

The ALJ found these opinions were not persuasive, noting Mr. Lopez provided almost no support for his opinions and that the objective evidence did not support the existence of seizures even when Plaintiff was hypoglycemic. Tr. 31-32. The ALJ additionally found that the suggestion of unpredictable migraines was inconsistent with the lack of observations in the record of Plaintiff presenting in distress or discomfort. *Id.*

Plaintiff argues the ALJ improperly rejected these opinions based on Plaintiff not being actively observed having seizures and not presenting outward signs of her conditions at the time of exams, which Plaintiff argues is unreasonable with conditions such as hers. ECF No. 20 at 16-17. Defendant argues the ALJ reasonably found the opinion lacked support for the drastic limitations, particularly given Mr. Lopez's own treatment notes and the greater record showing Plaintiff functioned better than Mr. Lopez predicted. ECF No. 21 at 15-17.

The Court finds the ALJ did not err. She discussed the most important factors of consistency and supportability, noting the lack of explanation on the

form or support from Mr. Lopez's records for the extent of the limits assessed, and the lack of documentation of seizures, even during hypoglycemic episodes. The ALJ's rationale is supported by substantial evidence.

2. *Dr. Patrick Metoyer.*

In December 2018 Plaintiff attended a consultative psychological exam with Dr. Patrick Metoyer. Tr. 701-05. Dr. Metoyer diagnosed panic disorder, PTSD, and major depressive disorder, and found Plaintiff's prognosis to be guarded. Tr. 704. He opined she had the ability to reason and understand, had some adaptation skills and intact memory, and that her concentration and persistence were adequate. *Id.* However he opined that Plaintiff had moderate impairment in her ability to interact with coworkers and the public, to maintain regular attendance, and to complete a normal workday or workweek without interruption from mood symptoms. *Id.* He further opined her ability to deal with usual stress in the workplace was markedly impaired if it involved persistent activity, complex tasks, task pressure, and interacting with other individuals. *Id.*

The ALJ found this opinion was not persuasive, as Dr. Metoyer provided very little support for the limits, relying mostly on Plaintiff's subjective complaints, and offered no apparent support or basis for the conclusion regarding her marked impairment in dealing with stress. Tr. 32. The ALJ further found the abnormal mood and affect findings on exam were inconsistent with the treatment records that generally noted normal mood and affect. *Id.*

Plaintiff argues the ALJ erred, as Dr. Metoyer's report contained objective testing to support the opinion, and the record as a whole documented abnormalities of mood and affect throughout the relevant period. ECF No. 20 at 18. She further asserts that the complete psychological exam and diagnoses all indicate support for the stress tolerance limitation, and the ALJ's conclusion that Dr. Metoyer did not offer support for the rating is to disregard the entire evaluation. *Id.* at 19-20. Defendant argues the ALJ reasonably considered the supportability and

consistency of the opinion, and reasonably found Dr. Metoyer seemed to rely more heavily on Plaintiff's subjective complaints over the objective findings. ECF No. 21 at 17-18. Defendant further asserts that the ALJ's finding that the record was generally inconsistent with Dr. Metoyer's mood and affect findings was a reasonable interpretation of the file. *Id.* at 18-19.

The Court finds the ALJ did not err. She reasonably discussed the factors of consistency and supportability, noting the lack of explanation from Dr. Metoyer for the marked limitations and his largely normal mental status and other exam findings. Tr. 32. While Plaintiff is correct that the record contains the occasional notation of impaired mood or affect, the ALJ's interpretation of the record as showing largely normal mental status findings is rational. "When the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### 3. **<u>Kimberly Lunning, LMHC.</u>**

Plaintiff's treating counselor, Kimberly Lunning, completed two statements in support of Plaintiff's claim. In 2018 she noted Plaintiff's diagnosis was moderate depressive disorder, and that her symptoms limited her most days, resulting in her being capable of no more than 1-10 hours of work activities per week. Tr. 826. In June 2019 she opined Plaintiff was no more than moderately limited in work-related functional abilities, but that her conditions satisfied the "C criteria" of the mental listings, and that she would be off task up to 20% of the time and absent four or more days per month from full-time work. Tr. 739-43.

The ALJ found these opinions were not persuasive. She noted Ms. Lunning provided no support or basis for the limitations in either form, and that the opinions were inconsistent with Plaintiff's performance on mental status exams, her ability to take college classes, and the generally minimal psychological observations. Tr. 32-33.

Plaintiff argues the ALJ erred in rejecting the opinions simply because they were check-box forms, and asserts that the ALJ herself found the objective findings throughout the record were mixed, with there being some support for limitations. ECF No. 20 at 20-21. She further argues that there was no inconsistency between the opinions and Plaintiff's classes, as she was only going to class for a few hours per week and still had issues with attendance. *Id.* Defendant argues the ALJ reasonably found Ms. Lunning's opinions to be less persuasive, as they lacked any objective support or explanations and conflicted with the other medical records and Plaintiff's activities. ECF No. 21 at 19-20.

The Court finds the ALJ did not err. She discussed the most important factors of consistency and supportability, and reasonably found the record lacking in any explanation for the assessed limits. The opinions contain no explanation other than the listed diagnoses and the assertion that Plaintiff's condition impacted her most days. Tr. 826. The ALJ's finding that the assessed limitations are inconsistent with the generally minimal psychiatric exam findings in the record is supported by substantial evidence. Plaintiff offers an alternative interpretation of the record, but has not demonstrated that the ALJ's findings were unreasonable. The ALJ did not err.

C. **Liver Disease.**

Plaintiff argues the ALJ erred by failing to consider Plaintiff's liver disease. ECF No. 20 at 4-6. She asserts the record shows decreased kidney function, and that Plaintiff was diagnosed with stage three kidney disease in 2019, and that the ALJ's failure to consider the kidney function testing in her discussion of the objective evidence indicates that the ALJ's evaluation of the record was incomplete, and that this error also impacted the assessment of Plaintiff's subjective complaints. *Id.*

Defendant argues that because the ALJ ruled in Plaintiff's favor at step two, there is no harm in not having mentioned every diagnosis. ECF No. 21 at 3-5.

Defendant argues Plaintiff did not identify any limitations stemming from kidney dysfunction that were excluded from the RFC, and thus failed to demonstrate that the ALJ misunderstood the nature of Plaintiff's impairments in omitting kidney disease from the diagnoses. *Id.*

The Court finds the ALJ did not err. Plaintiff has not identified any limitations relating specifically to kidney disease that were not accounted for in the RFC. The Court further notes that Plaintiff's kidney dysfunction appears to be a symptom of her uncontrolled diabetes, which the ALJ included as a severe impairment and addressed in formulating the RFC. Tr. 401.

## VIII.  CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 21**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 6, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE